UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**IMANI DUNLAP**

    Plaintiff,

v.

**OFFICER ZACHARY BARRICK,
OFFICER CHRIS RABION,
OFFICER R. CARTER (3920),
OFFICER JARED DORMAN, and
CITY OF DETROIT,
in their individual and official capacity,**

    Defendants.

Case No.
Hon.
Lwr Crt Judge: Sheila Ann Gibson
Lwr Crt Case No.: 22-001861-NO

| **DAVID A. ROBINSON (P38754)** <br> **BRANDON MCNEAL (P81300)** <br> **ROBINSON & ASSOCIATES, P.C** <br> Attorneys for Plaintiff <br> 28145 Greenfield, Suite 100 <br> Southfield, MI 48076 <br> (248) 423-7234 <br> davidrobinsonlaw@gmail.com <br> mcnealbr@gmail.com | **SARAH V. DOMIN (P79128)** <br> **ALFRED ASHU (P82536)** <br> **KRYSTAL A. CRITTENDON (P49981)** <br> **CITY OF DETROIT LAW DEPT.** <br> Attorneys for Defendant <br> 2 Woodward Avenue, Suite 500 <br> Detroit, MI 48226 <br> (313) 237-0535 / (313) 224-5505 (F) <br> dominsa@detroitmi.gov <br> alfreda@detroitmi.gov <br> critk@detroitmi.gov |
|---|---|

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant City of Detroit removes this civil action to this Court pursuant to 28 U.S.C. § 1441 and § 1443(2) and says that:

1. This action was commenced on February 16, 2022 in the Circuit Court for the Third Judicial Circuit of Michigan and is now pending in that court.

2. On February 17, 2022, a summons and a copy of the Complaint in this action was served on Defendant City of Detroit.

3. On information and belief, all defendants who have been served join in this removal.

4. On information and belief Defendants BARRICK, RABION, CARTER (3920), and DORMAN will join in the removal upon service.

5. This is a civil action in which the plaintiff seeks monetary relief for the alleged misconduct of the defendant which is alleged to have resulted in the deprivation of rights protected by the United States Constitution. The Defendants remove the action to this Court, invoking the Court's federal question jurisdiction, because the plaintiff bases the action in part on the United States Constitution.

6. This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. Sections 1331 and 1343, and the action is removable to this Court pursuant to 28 U.S.C. Sections 1441(a) and 1443(2). The entire case is removable pursuant to those provisions and the Court's pendent jurisdiction.

7. This Notice is filed within thirty days after first receipt by any defendant of a copy of the Complaint.

8. Copy of the summons served upon the Defendants and a copy of the Complaint are attached, as **Exhibit A**. These are the only pleadings, orders or other papers received by any defendant in this action.

9.      This action is not removed on the basis of jurisdiction conferred by 42 U.S.C. § 1332 and is removed within one year after commencement of the action.

10.     The undersigned has prepared a written notice of the removal of this action, addressed to counsel for Plaintiff and to the Clerk of the Court from which this action is being removed. Promptly after filing this Notice of Removal of Civil Action, the undersigned will cause copies of that written notice to be filed with the clerk of the court from which this action is being removed and mailed by first class mail and email to counsel for the plaintiff.

WHEREFORE, Defendant City of Detroit removes this action to this Court.

/s/Sarah V. Domin
Sarah V. Domin (P79128)
City of Detroit Law Department
Attorneys for Defendant
2 Woodward Avenue, Suite 500
Detroit, MI 48226
313-237-0535
dominsa@detroitmi.gov

Dated: March 15, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the Court's CM/ECF system.

                                          /s/Darlene Flowers
                                          Darlene Flowers

Dated: March 15, 2022

# EXHIBIT A

# ROBINSON & ASSOCIATES, P.C.

Attorneys and Counselors at Law

David A. Robinson, Esq.
Brandon McNeal, Esq.

28145 Greenfield Road
Suite 100
Southfield, Michigan 48076-7116
Office: (248) 423-7234/Facsimile (248) 423-7227
E-mail: davidrobinsonlaw@gmail.com
E-mail: mcnealbr@gmail.com

February 16, 2022

Attn: Lawrence Garcia
City of Detroit Law Department
2 Woodward Ave, Suite 500
Detroit, MI 48226

Re: Imani Dunlap v City of Detroit, et al
Case No: 22-001861-NO

Dear Mr. Garcia:

    Enclosed you will find the Summons and Complaint for service upon the City of Detroit, regarding an incident that occurred on or about February 16, 2020, relevant to the above-captioned matter.

    Thank you for your attention in this regard. Should you have any questions or concerns, please do not hesitate to contact our office at the number provided above.

Best Regards,
ROBINSON & ASSOCIATES, P.C.

DAVID A. ROBINSON
ATTORNEY AND COUNSELOR AT LAW

DAR/ccw
Enclosure(s)

http://www.davidarobinsonlawfirm.com

| Approved, SCAO | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS<br>RECEIVED<br>FEB 17 2022 | CASE NO.<br>22-001861-NO<br>Hon. Sheila Ann Gibson |
|---|---|---|
| Court address : 2 Woodward Ave., Detroit MI 48226 | | Court telephone no.: 313-224-5207 |
| Plaintiff's name(s), address(es), and telephone no(s)<br>Dunlap, Imani | CITY OF DETROIT<br>LAW DEPARTMENT | Defendant's name(s), address(es), and telephone no(s).<br>City of Detroit |
| Plaintiff's attorney, bar no., address, and telephone no<br><br>David A. Robinson 38754<br>28145 Greenfield Rd Ste 100<br>Southfield, MI 48076-7102 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party **or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).**
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>2/16/2022 | Expiration date*<br>5/18/2022 | Court clerk<br>Carlita McMiller |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)    SUMMONS    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

STATE OF MICHIGAN
IN THE WAYNE COUNTY CIRCUIT COURT

IMANI DUNLAP,
    Plaintiff,

                                        Case No.       -NO
                                        Hon.

-V-

OFFICER ZACHARY BARRICK,
OFFICER CHRIS RABION,
OFFICER R. CARTER (3920),
OFFICER JARED DORMAN, and
CITY OF DETROIT,
in their individual and official capacity,
                  Defendants
_____/

**David A. Robinson (P38754)**
**Brandon McNeal (P81300)**
Robinson & Associates, P.C
Attorneys for Plaintiff
28145 Greenfield, Suite 100
Southfield, MI 48076
(248) 423-7234
davidrobinsonlaw@gmail.com
mcnealbr@gmail.com

_____

## COMPLAINT and JURY DEMAND

There is no other pending or resolved cases between these parties or other parties arising from the transaction or occurrence alleged in the complaint.

                                      /s/ David A. Robinson
                                **David A. Robinson (P38754)**

NOW COMES the Plaintiff, by and through her attorneys, and for her complaint against the Defendants says as follows:

22-001861-NO FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 2/16/2022 8:58 AM Carlita McMiller

## PARTIES

1. At all pertinent times, Plaintiff was a resident of Wayne County, and a citizen of the State of Michigan.

2. Officers Zachary Barrick, Chris Rabior, R. Carter (3920), and Jared Dorman (hereafter Individual Defendants) were citizens of the State of Michigan, and at all times worked and was employed as a police officer in the City of Detroit, County of Wayne.

## JURISDICTION and VENUE

3. Individual Defendants was at all pertinent times employed as police officers for the Defendant City of Detroit and was, at all times pertinent, acting under color of state law and pursuant to customs, policies and practices of their department.

4. The Plaintiff brings this action under the laws of the State of Michigan.

5. The actions giving rise to this complaint arose entirely within Wayne County, Michigan on and after February 16, 2020.

6. The amount in controversy exceeds Twenty-five Thousand Dollars ($25,000).

## FACTUAL ALLEGATIONS

7. On or about February 16, 2020, Plaintiff was lawfully driving a vehicle traveling eastbound near the intersection of 8 Mile and Gratiot.

8. Individual Defendants activated emergency lights and stopped the vehicle being driven by Plaintiff.

9. Individual Defendants falsely claimed that Plaintiff failed to activate her turn signal before making a turn.

10. Individual Defendants requested to search the vehicle and Plaintiff refused consent.

11. Plaintiff protested that she did not fail to activate her turn signal.

12. Plaintiff also told Individual Defendants that they did not have probable cause to search the vehicle.

13. Defendant Rabior then falsely accused one of Plaintiff's passengers of placing a gun in Plaintiff's vehicle while stopped at a gas station.

14. Plaintiff and all occupants denied Defendant Rabior's accusations.

15. Despite lacking probable cause, Individual Defendants removed Plaintiff from the vehicle and unlawfully searched the vehicle.

16. Individual Defendants then handcuffed Plaintiff with excessive force and placed her in the back seat of the police vehicle.

17. Plaintiff complained about the tightness of the handcuffs and requested that the handcuffs be loosened.

18. Individual Defendants ignored Plaintiff's requests to loosen the handcuffs.

19. Individual Defendants searched the vehicle and did not find a gun or anything illegal.

20. Individual Defendant Zachary Barrick falsely wrote in his activity log that he observed an "L-Shaped" bulge in the pocket of one of Plaintiff's passengers prior to the passenger entering Plaintiff's vehicle.

21. Individual Defendant Zachary Barrick also falsely wrote in his activity log that the vehicle Plaintiff was driving failed to signal prior to turning.

22. Individual Defendant Zachary Barrick wrongfully issued a citation to Plaintiff for a misdemeanor of "disobeying lawful order of a police officer," without probable cause.

23. At all relevant times, Plaintiff drove lawfully and properly along the roadway and never disobeyed any lawful orders.

24. The conduct of the Individual Police Defendants:

   a. Used excessive force against Plaintiff;

   b. Wrongfully detained Plaintiff, without probable cause;

   c. Made Plaintiff's condition worse after taking him into their custody and control by alleging to false facts in his report in violation of MCL 750.411a, himself committing a crime;

   d. Failed to properly assure the safety of Plaintiff when she was in their care;

   e. Intentionally caused serious emotional distress;

   f. Unlawfully searched Plaintiff's vehicle;

   g. Wrongfully handcuffed and arrested Plaintiff, without probable cause.

25. As a direct and proximate result of the Defendants' conduct, the Plaintiff suffered injuries and damages including, but no limited to:

   a. Economic damages, past and future;

   b. Pain and suffering, physical injury;

   c. Loss of society and companionship;

   d. Fear, anxiety, humiliation; and shame;

   e. Serious emotional distress; and

**WHEREFORE**, the Plaintiff demands judgment against the Defendants for whatever amount a jury shall determine together with interests, costs, and attorney fees.

## COUNT I
## GROSS NEGLIGENCE

26. Plaintiff re-alleges all prior paragraphs.

27. Individual Defendants owed Plaintiff a duty of care, including but not limited to a:

   a. Duty to provide protection for Plaintiff when she was in a helpless condition;

  b. Duty not to make Plaintiff's condition worse after taking her into their custody and control;

28. The actions of the Individual Police Defendant wantonly and recklessly, in gross negligence, violated the duties to Plaintiff and disregarded Plaintiff's rights.

29. The Individual Police Defendant's actions done with gross negligence while denying Plaintiff's rights caused loss of rights and injury to the Plaintiff.

30. The Individual Police Defendant's actions were in wanton, reckless and callous disregard to Plaintiff's rights and to the injury to Plaintiff and were grossly negligent.

31. Under MCL 691.1407, citizens may maintain an action in tort against police officers whose actions constitute gross negligence and state granted immunity does not bar such a claim even when the officer is acting within the scope of his authority.

32. As a direct and proximate result of the Individual Police Defendant's actions, Plaintiff suffered injury and damages including those set forth in paragraph 25.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants for whatever amount a jury shall determine together with interests, costs, and attorney fees.

## COUNT II
## ASSAULT AND BATTERY AND FALSE ARREST

33. Plaintiff hereby re-alleges and incorporates herein by reference all of Paragraphs, as though the same were fully set forth herein word for word.

34. Individual Police Defendant was at all times relevant hereto performing ministerial-operational duties which did not involve significant decision-making, personal deliberation or judgment.

35.  The minor decision making involved in Individual Police Defendant's actions at all times relevant hereto were merely incidental to the execution of said Individual Police Defendant's ministerial-operational duties.

36.  At all times relevant hereto, Plaintiff had the right under statutes, common law, rules, regulations and/or ordinances of the State of Michigan, to be free from the negligent, reckless, knowingly and/or intentionally tortuous, willful, wanton, reckless and/or grossly negligent execution of ministerial-operational duties contrary to the Michigan law and Michigan Constitution, by Individual Police Defendant.

37.  At all times relevant hereto, Individual Police Defendant failed, notwithstanding their standard duty of due care to execute his said ministerial-operational duties in good faith, without negligence, recklessness, willfulness, wantonness, gross negligence and/or knowingly and/or intentional tortuous conduct, in a manner consistent with the Michigan law, as follows, but not limited hereto:

   a.  to act in good faith, while assaulting and battering Plaintiff;

   b.  to act in good faith, while arresting Plaintiff without probable cause.

   c.  to comply with all applicable statutes, laws, rules, regulations and/or ordinances, including but not limited to the Michigan laws and Constitution.

38.  Notwithstanding these duties, Individual Police Defendant, knowingly and intentionally while acting under color of law, violated, breached and/or failed to fulfill their ministerial duties to Plaintiff in a manner violative of the Michigan Constitution and laws, by acting in bad faith and engaging in ultra vires conduct.

39. Notwithstanding these duties, Individual Police Defendant knowingly failed to fulfill his ministerial duties while on duty and acting in the course of his employment and/or authority, under color of law and pursuant to customs, policies and/or practices.

40. Notwithstanding these duties Individual Police Defendant deliberately, recklessly, willfully, wantonly, knowingly and/or intentionally violated, breached and failed to fulfill his ministerial duties to Plaintiff, in bad faith, and in violation of the Michigan laws, including, but not limited to, the following:

   a. by assaulting and battering Plaintiff;

   b. by intentional unlawful offer of corporal injury to Plaintiff by force, or force unlawfully directed toward the person of Plaintiff, under circumstances which created a well-founded apprehension of imminent contact, coupled with the apparent present ability to accomplish the contact;

   c. by the willful and harmful or offensive touching of Plaintiff which results from an act intended to cause such contact; and,

   d. by the false arrest of Plaintiff without probable cause.

41. As a direct and a proximate result of Individual Police Defendants' aforesaid reckless, willful, wanton, and knowingly and intentionally tortious violations of the aforesaid ministerial duties, in bad faith and violation of the Michigan laws, Plaintiff was injured.

42. As a direct and a proximate result of Individual Police Defendants' aforesaid reckless, willful, wanton, and knowingly and intentionally tortious violations of the aforesaid ministerial duties, all done in bad faith, Plaintiff suffered and continues to suffer serious and permanent personal injuries, including physical and mental pain, mental anguish, severe emotional distress, shock, fright, humiliation, degradation, embarrassment, loss of enjoyment of life, medical complications and a lesser leaning,

liking and ability towards previous home, family, social, recreational and personal activities, all past, present and future, and any other damages listed in paragraph 15.

**WHEREFORE**, Plaintiff claims judgment against Individual Police Defendants in the amount in excess of Twenty-five Thousand Dollars ($25,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43. Plaintiff hereby re-alleges and incorporates herein by reference all of Paragraphs, as though the same were fully set forth herein word for word.

44. At all times relevant hereto Individual Defendant notwithstanding his standard duty of due care, owed to Plaintiff the following duties, among others:

   a. to refrain from inflicting intentional emotional distress on Plaintiff, in bad faith;

   b. to refrain from subjecting Plaintiff to threats of violence in bad faith;

   c. to refrain from subjecting Plaintiff to emotional distress through assault and battery, and further threats which were also assaults;

   d. to refrain from treating Plaintiff in an extremely and outrageously abusive manner by alleging false facts in his arrest report;

45. Individual Defendant's willfully, wantonly, recklessly, knowingly and/or intentionally breached one or more of said duties by, among other things:

   a. recklessly, wantonly and/or intentionally, in bad faith, inflicting emotional distress upon Plaintiff, by wrongfully assaulting and battering Plaintiff;

   b. recklessly, wantonly, and/or intentionally, in bad faith, subjecting Plaintiff to undue and unlawful assault and battery;

  c. recklessly, wantonly and/or intentionally, in bad faith, subjecting Plaintiff to injury and pain resulting from assault and battery;

  d. recklessly, wantonly, and/or intentionally, in bad faith, treating Plaintiff in an extremely and outrageously abusive manner.

46. As a direct and a proximate result of said reckless, willful, wanton, knowing and/or intentional misconduct, all done in bad faith, by Individual Defendant, Plaintiff suffered and continues to suffer personal injuries, including, physical and mental pain, serious mental anguish, serious emotional distress, shock, fright, humiliation, degradation, embarrassment, loss of enjoyment of life, and a lesser leaning, liking and ability towards previous home, family, social, recreational and personal activities, all past, present and future, as well as any other damage listed in paragraph 25.

  **WHEREFORE**, the Plaintiff demands judgment against the Individual Defendants for whatever amount a jury shall determine together with interests, costs, and attorney fees.

<u>**COUNT IV**</u>
<u>**42 USC 1983**</u>
<u>**UNREASONABLE SEARCH AND SEIZURE**</u>
<u>**AGAINST INDIVIDUAL DEFENDANTS**</u>

  Plaintiff hereby re-alleges and incorporates herein by reference all of the prior paragraphs, as though the same were fully set forth herein word for word.

47. The Individual Defendants' actions were done in their individual capacities, and under color of state law.

48. Plaintiff had a clearly established constitutional right to be secure in her person and property and free from unreasonable search and seizure thereof.

49. The Individual Defendants' actions violated clearly established rights of the Plaintiff including but not limited to:

   a) The right to be free from unlawful search/seizure of her vehicle, and unlawful seizure and search of his person and property (4th Amendment and 14th Amendment);

   b) The right to be free from retaliation for protected speech (1st Amendment)

WHEREFORE, Plaintiff claims judgment against Defendants in the amount in excess of Twenty-Five Thousand Dollars ($25,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney fees, and all other damages, including exemplary and/or punitive damages.

**COUNT V**
**42 USC 1983**
**EXCESSIVE/UNREASONABLE FORCE**
**AGAINST INDIVIDUAL DEFENDANTS**

50. Plaintiff hereby re-alleges and incorporates herein by reference all of the prior paragraphs, as though the same were fully set forth herein word for word.

51. The Individual Defendants' actions were done in their individual capacities, and under color of state law.

52. Plaintiff had a clearly established constitutional right to be safe and secure from excessive or unreasonable force by police officers.

53. The Individual Defendants' actions violated clearly established rights of the Plaintiff including but not limited to:

   a) The right to be free from the use of excessive or unreasonable force (4th Amendment and 14th Amendment);

54. As a direct and proximate result of the Individual Defendants' actions, Plaintiff suffered injury and damages including, but not limited to those set forth in paragraph 25.

WHEREFORE, Plaintiff claims judgment against Defendants in the amount in excess of Twenty-Five Thousand Dollars ($25,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney fees, and all other damages, including exemplary and/or punitive damages.

**COUNT VI**
**42 USC 1983**
**MUNICIPAL LIABILITY AGAINST DEFENDANT CITY OF DETROIT**

55. The plaintiff incorporates by reference the allegations set forth in the paragraphs above, as if fully set forth herein.

56. At all times herein, Defendant CITY OF DETROIT, with deliberate indifference to the constitutional rights of the Plaintiff and other similarly situated individuals, established, condoned, promulgated, implemented, and maintained the following customs, policies, and/or practices that were a proximate cause and a moving force in violations of the Plaintiff's rights under the United States Constitution:

    (a) Routinely conducting false arrests, false imprisonments, wrongful seizures and/or unlawful use of force without reason or justification;

    (b) Routinely concealing, covering up, and hiding evidence of wrongdoing by law enforcement officers employed by the Defendant City of Detroit;

    (c) Failing to adequately train, supervise, and/or discipline law enforcement officers and supervisors with regard to the appropriate and necessary bases for a lawful seizure and/or use of force;

    (d) Hiring and/or retaining as law enforcement officers and supervisors, certain persons whom the Defendant City of Detroit knew or had

        actual notice of unlawful seizure and/or use of force without reason or justification;

    (e) Failing to intervene when it knew of improper continuation of use of excessive force;

    (f) Ratifying, condoning and/or permitting the conduct of Individual Police Defendants.

57. Each of the aforementioned customs, policies, or practices was known to Defendant City of Detroit as highly likely and probable to cause violations of the United States Constitutional rights of Plaintiff and other individuals, each was a moving force in the violations of the Plaintiff's United States Constitutional rights, as set forth herein.

58. As a direct and proximate result of the actions taken by the Defendants, as discussed more fully above, the Plaintiff has suffered severe damages, including, but not limited to those listed in paragraph 27.

WHEREFORE, Plaintiff claims judgment against Individual Police Defendants in the amount in excess of Twenty-Five Thousand Dollars ($25,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney fees, and all other damages, including exemplary and/or punitive damages.

## JURY DEMAND

**NOW COMES** the Plaintiff and demands trial of his cause by jury.

Respectfully submitted,

/s/David A. Robinson
ROBINSON AND ASSOCIATES, P.C.
Attorneys for Plaintiff
28145 Greenfield Rd., Ste. 100
Southfield, MI 48076
(248) 423-7234; (248) 423-7227(f)
davidrobinsonlaw@gmail.com
(P38754)

Dated: February 16, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the online filing system which will send notification of such filing to the attorneys of record.

**/s/ David A. Robinson**
Attorney for Plaintiff
(P38754)